UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 24-cv-22337-WILLIAMS/GOODMAN

DMITRI GALINOV,

    Plaintiff,

v.

KAREN NAZAROV-GALINOV,

    Defendant.

_____/

**ORDER ON PLAINTIFF'S EXPEDITED MOTION
TO SEAL DOCKET ENTRIES 18 AND 19**

Plaintiff Dmitri Galinov moves [ECF No. 20], on an expedited basis, for an Order sealing Defendant Karen Nazarov-Galinov's Motion to Dismiss [ECF No. 18] and her Response to Plaintiff's Motion for Preliminary Injunction [ECF No. 19]. The parties are embroiled in an acrimonious divorce proceeding in Miami-Dade Circuit Court.

Plaintiff's expedited motion contends that Defendant attached hundreds of pages of "confidential" records from those state court divorce proceedings to these submissions. Defendant contends that this Court should abstain from remaining involved in this case in order to avoid interfering with the divorce case pending in state court. United States District Judge Kathleen M. Williams referred this matter to me pursuant to 28 U.S.C. §

636 and the Magistrate Rules of the Local Rules for the Southern District of Florida. [ECF No. 4].

For the reasons outlined below, the Undersigned **denies** the expedited motion.

Plaintiff has not alleged that the documents he wants to remain secret are subject to the attorney-client privilege, nor the work-product doctrine. He does not contend that they are trade secrets, nor does he say that they disclose personal health information, medical test results, Social Security numbers, or the proprietary business information of a competitor.

Instead, he wants the documents and information relegated to under-seal status because, like in many lawsuits, he *prefers* that the public not have access to the allegations, evidence, and purported evidence which parties routinely hurl at each other in high-energy litigation.

But this position runs afoul of the fundamental open nature of our court records.

All court filings are presumptively a matter of public record and cannot be sealed absent specific legal authority or court order. *See* Local Rule S.D. Fla. 5.4(a); *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006) ("What happens in the federal courts is presumptively open to public scrutiny.").

To be sure, information exchanged during pretrial discovery is not generally considered to be public information and can be restricted upon a showing of good cause. *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33 (1984); *Cipollone v. Liggett Group, Inc.*, 785

F.2d 1108, 1119 (3d Cir. 1986). However, parties generally cannot keep from public view discovery materials filed with the court **in connection with dispositive motions**. *See Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 252 (4th Cir. 1998); *see also Leucadia Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 165 (3d Cir. 1993).

A district court may, in its discretion, enter a protective order shielding discovery materials from public disclosure upon a showing of good cause and when the balance of interests favor entering the order. *See Chi. Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1313 (11th Cir. 2001); *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985). Because trial courts are "in the best position to weigh fairly the competing needs and interests of parties affected by discovery" and because of "[t]he unique character of the discovery process," trial courts have "substantial latitude" to determine when a protective order is appropriate and what degree of protection is required. *Seattle Times Co.*, 467 U.S. at 36.

Here, the Undersigned focuses on the fact that the documents and information from the divorce litigation concern *substantive* rulings which this Court will need to make soon -- not a mere discovery dust-up where there is not the same public access to substantive records. Specifically, the material relates to Plaintiff's request for a preliminary injunction and Defendant's challenges to this Court's jurisdiction and whether it should even entertain (or abstain from) this case in the first place.

When discovery materials are filed in connection with a substantive pretrial motion, the public's common law right of access attaches to the documents and the veil of secrecy must be lifted. *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1245 (11th Cir. 2007). The sealing proponent may overcome this common law right of access by showing good cause, i.e., that the balance tips in its favor to keep the material sealed and against the public's common law right of access. *Id.* at 1246 (citation omitted); *Emess Capital, LLC v. Rothstein,* 841 F.Supp.2d 1251, 1254-55 (S.D. Fla. 2012).

In addition, the "confidential" records are not sealed in the state court divorce litigation. To the contrary, they are already in the public record on the State Court docket. Indeed, Plaintiff's motion to seal concerns documents that *anyone* (regardless of whether they are an attorney or have any involvement in this divorce proceeding) can review by simply going in person to the State's Clerk's Office. Therefore, to provide one illustration: a journalist, one of Plaintiff's neighbors, a blogger, a stay-at-home parent, a business adversary, or a long-time enemy could easily review the *same* state court documents which Plaintiff wants to seal here.

And they could access those records without proffering a reason why.

Given this practical reality (*i.e.*, the toothpaste is already out of the tube, or the toothpaste can be readily squeezed out of the state court tube by anyone, at any time), the Undersigned **denies** the motion -- albeit **without prejudice**. If Plaintiff can pinpoint specific documents in the attachments which generate *bona fide* grounds for under-seal

status (*e.g.*, to provide a few purely hypothetical illustrations: a party's medical diagnosis is being discussed; there are comments about a person's atypical sexual habits; or there are comments about a minor child's learning challenges in school), then he may file a renewed motion targeting the specific references. But, if Plaintiff chooses to travel down that road, then he must, as required by Local Rule 7.1, first have a pre-filing conferral with defense counsel.

Sealing the submissions generates practical difficulties for the Court, a point which is not discussed in Plaintiff's expedited motion. If the Court were to seal these two submissions, then any Report and Recommendations or Order on the related motions would either have to be sealed or filed in redacted fashion. This would require the Court to comb through the ruling to see which portions, if any, arose from an under-seal comment or exhibit.

Redacting a ruling's discussion on these substantive matters could implicate serious public policy concerns. *Cf. Vineyard Vines, LLC v. MacBeth Collection, L.L.C.*, No. 3:14CV01096(SALM), 2019 WL 12024583, at *4 (D. Conn. Apr. 1, 2019) (discussion of negative consequences arising from redacting the total amount of fees and costs claimed).

"[P]ublic confidence in our judicial system cannot long be maintained where important judicial decisions are made behind closed doors and then announced in conclusive terms to the public, with the record supporting the court's decision sealed from public view." *Id.* (quoting *Procaps S.A. v. Patheon Inc.*, No. 12-24356-CIV, 2013 WL

5

5928586, at *5 (S.D. Fla. Nov. 1, 2013)); *see also Brown & Williamson Tobacco v. Fed. Trade Comm'n*, 710 F.2d 1165, 1180 (6th Cir. 1983) ("[T]he natural desire of parties to shield prejudicial information contained in judicial records from competitors and the public . . . cannot be accommodated by courts without seriously undermining the tradition of an open judicial system. Indeed, common sense tells us that the greater the motivation [an entity] has to shield its operations, the greater the public's need to know.").

Moreover, the Undersigned is not persuaded by Plaintiff's conclusory claim that "the records are irrelevant to any contested issues or [Defendant's] argument" and "only serve 'to gratify private spite or promote public scandal' through the publication of 'the painful and sometimes disgusting details of a divorce case.'" [ECF No. 24, p.2]. To the contrary, "[a]ny step that withdraws an element of the judicial process from public view makes the ensuing decision look more like fiat and requires rigorous justification." *United States v. Aref*, 533 F.3d 72, 83 (2d Cir. 2008) ("[t]ransparency is pivotal to public perception of the judiciary's legitimacy and independence").

By way of summary, the Undersigned **denies** the motion **without prejudice** but if Plaintiff has good grounds to contend that specific documents and/or information

warrants under-seal status then I will give him the opportunity to submit a more-focused motion.

**DONE AND ORDERED** in Chambers, in Miami, Florida, on July 30, 2024.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Kathleen M. Williams
All Counsel of Record